IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARTER MANTOOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-578-TCK-JFJ |
| | ) |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF OKLAHOMA, | ) ) ) ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Health Care Service Corporation d/b/a Blue Cross Blue Shield of Oklahoma's ("BCBSOK") Motion to Dismiss the claims of Plaintiff Carter Mantooth ("Mantooth") for Lack of Subject Matter Jurisdiction. (Doc. 12). Plaintiff filed a Response to said motion (Doc. 15), and Defendant filed a Reply (Doc. 21).

**I. INTRODUCTION**

Defendant alleges Plaintiff fails to plead essential facts in support of her claims, and therefore, her claims must be dismissed. Plaintiff contends she was insured under a health insurance policy issued by BCBSOK and that BCBSOK wrongfully denied a claim for benefits under that policy. See Pet., ¶¶ 7-9, Ex. 1 to Notice of Removal, Doc. #2. Specifically, Defendant asserts the Petition lacks basic factual allegations about the claim regarding the benefits at issue. For example, Defendant notes Plaintiff fails to specify when she submitted her alleged claim, what treatment she was seeking, what medical condition required said treatment, where she sought treatment, who diagnosed her condition or provided the treatment, any facts showing that the treatment was covered under the terms of the policy, what terms of the policy were allegedly

breached, or when and why her claim was denied.

In her Petition, Plaintiff includes two causes of action under Oklahoma law for breach of contract and breach of the duty of good faith and fair dealing. Id. ¶¶ 11-31.[1] Defendant argues "these causes of action are premised on vague allegations of wrongful denial, combined with threadbare recitals of the elements of each cause of action…. [and therefore] as a matter of law, Plaintiff fails to satisfy the federal pleading requirements, and her Petition must be dismissed." (Doc. 12 at 2).

## II. BACKGROUND

Plaintiff alleges she was insured under a health insurance policy issued by BCBSOK, Policy No. OG2801, and that she submitted a claim for benefits under the policy, which BCBSOK denied. See Pet. ¶¶ 7-9. Plaintiff further alleges that BCBSOK "has denied insurance coverage benefits for past, present, and future medical treatment relating to her medical condition." See Pet. ¶ 9. The Petition does not provide any details about the Plaintiff, her medical condition, the treatment sought, the providers who treated her, the claim that Plaintiff submitted, or BCBSOK's denial. Plaintiff filed suit in the District Court of Tulsa County, and BCBSOK removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as the parties are diverse, and Plaintiff is seeking more than $75,000 in damages. See Pet. ¶¶ 25, 30, 31; Notice of Removal, Doc. No.2.

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

A motion to dismiss should be granted when a complaint contains only a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] The Petition originally also included a third cause of action for fraud, deceit and misrepresentation, which Plaintiff has voluntarily dismissed. See Stipulation of Dismissal, Doc. No. 9.

(2007). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A plaintiff's complaint must include "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Mere conclusory allegations are not entitled to an assumption of truth. Id.

To the contrary, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). This requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (quoting Iqbal, 556 U.S. at 678).

### B. Each of Plaintiff's Claims Is Based on Conclusory Allegations with Insufficient Factual Support to Survive a Motion to Dismiss.

Plaintiff's allegations are vague, conclusory, and deficient as a matter of law. As such, the Court finds they must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., *Myers v. All. for Affordable Servs.,* 371 F. App'x 950, 959 (10th Cir. 2010) ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (quoting *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir.2009))); *Fuller v. Norton*, 86 F.3d 1016, 1026 (10th Cir. 1996) ("Under Fed. R. Civ. P. 12(b)(6), we evaluate all well pleaded facts—not conclusory allegations.").

3

**1. Plaintiff Fails to Plead a Breach of Contract Claim.**

To plead a breach of contract claim under Oklahoma law, the plaintiff must establish a contract, a breach thereof, and damages suffered from that breach. See *Digital Design Grp., Inc. v. Info. Builders, Inc.,* 24 P.3d 834, 843 (Okla. 2001). This standard is not satisfied by pleading "merely conclusory allegations." *Wheeler's Meat Mkt., Inc. v. Travelers Cas. Ins. Co. of Am.,* No. 17-CV-523-M, 2017 WL 11557097, at *2 (W.D. Okla. Sept. 25, 2017) (dismissing breach of contract claim that was based on "merely conclusory allegations" because such allegations are "insufficient to state a claim upon which relief may be granted"). In the insurance context, "the burden is on plaintiff to specifically allege the provision of the policy that provides coverage." *Coonce v. Auto. Club of Am.*, No. CIV-17-279-RAW, 2017 WL 6347165, at *3 (E.D. Okla. Dec. 12, 2017), aff'd *Coonce v. CSAA Fire & Cas. Ins. Co.*, 748 F. App'x 782 (10th Cir. 2018).

Here, Plaintiff offers no factual detail in support of her breach of contract claim, relying instead on conclusory allegations, such as, "Blue Cross owes Mantooth contractual benefits and obligations under the terms and conditions of the policy"; "Blue Cross is obligated to timely pay for Mantooth's medical treatment"; and "Blue Cross has wrongfully denied insurance coverage benefits." Pet. ¶¶ 14-16. The Petition fails to plausibly allege a breach by failing to allege any facts explaining how BCBSOK breached the agreement, what terms were breached, or basic facts such as when the claim was submitted, why the claim was denied, and what treatment was at issue. The "merely conclusory allegations" pled in the Petition fail to state a claim for breach of contract under Oklahoma law. *Wheeler's*, 2017 WL 11557097 at *2. Accordingly, Plaintiff's breach of contract claim is dismissed.

### 2. Plaintiff Fails to Plead a Claim for Breach of the Duty of Good Faith and Fair Dealing.

Plaintiff's failure to plead a breach of contract claim also requires dismissal of her claim for breach of the duty of good faith and fair dealing (also known as a "bad-faith" claim). *Coonce*, 748 F. App'x at 785 (affirming dismissal of bad-faith claim because the complaint "lack[ed] well-pleaded facts showing coverage and a breach under the Policy"). To state a bad-faith claim under Oklahoma law, a plaintiff must allege that:

(1) the insurer was required under the insurance policy to pay the insureds' claim;

(2) the refusal to pay the claim was unreasonable under the circumstances because (a) the insurer had no reasonable basis for refusing; (b) the insurer did not perform a proper investigation; or (c) the insurer did not evaluate the results of the investigation properly;

(3) the insurer did not deal fairly and in good faith with the insureds; and

(4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the complained-of injury to the insureds.

*A.B. ex rel. Blaik v. Health Care Serv. Corp.*, No. CIV-19-968-D, 2020 WL 4041120, at *4 (W.D. Okla. July 17, 2020) (citing *Duensing v. State Farm Fire & Cas. Co.*, 131 P.3d 127, 138 (Okla. Civ. App. 2006); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080 (Okla. 2005)).

"To establish a bad faith claim under Oklahoma law, plaintiff must prove more than a mere breach of contract: she must also prove that defendant acted unreasonably and in bad faith in handling her claim." *Daily v. USAA Cas. Ins. Co.,* No. CIV-14-0550-HE, 2014 WL 12729172, at *1 (W.D. Okla. Nov. 19, 2014). The insurer's "unreasonable, bad-faith conduct" is the "essence" of a bad-faith claim. *Badillo*, 121 P.3d at 1093. A bad-faith claim will not survive dismissal where the plaintiff "offer[s] only 'mere labels and conclusions.'" *Daily*, 2014 WL 12729172 at *1

In the instant case, Plaintiff's bad-faith claim is premised on "mere labels and conclusions." Id. The Petition simply re-alleges the allegations of the breach of contract claim and then adds only

5

conclusory allegations, such as, "Blue Cross's acts and omissions are unreasonable, improper, contrary to established medical standards, contrary to the terms and conditions of the insurance policy and constitute bad faith." Pet. ¶¶ 21-24. Such allegations fail to support a bad-faith claim. See, e.g., *Scheffler v. Am. Republic Ins. Co.,* No. 11–CV–0760–CVE–TLW, 2012 WL 602187, at *3 (N.D. Okla. Feb. 23, 2012) (holding that plaintiff failed to plead bad-faith claim where complaint failed to allege any facts aside from the insurance company's alleged failure to pay proceeds under the policy); *Frey v. Companion Life Ins. Co.*, No. CIV-16-911, 2016 WL 6310788, at *1 (W.D. Okla. Oct. 27, 2016) (dismissing bad faith claim that "lacked sufficient factual allegations and w[as] merely duplicative of [the plaintiff's] breach of contract claim").

In *A.B. ex rel. Blaik*, the court dismissed a bad-faith claim that was also lacking factual detail. 2020 WL 4041120 at *4. The plaintiff-insured "ma[de] only vague factual assertions," "point[ed] to no specific policy provision at issue, nor the amounts properly owed under the contract," and "point[ed] to no facts as to specific claims made, failing to reference dates, amounts paid or owed, length of the delays, and the insurance company's specific response to the claims." Id. Simply put, "[t]he pleadings d[id] not specify what the insurance company did that amount[ed] to an improper investigation of claims," and so dismissal was required. Id.

Similarly, in *Daily*, the court dismissed a bad-faith claim where the plaintiff "identifie[d] neither the amount that ought to have been paid, the basis for her calculation, nor the amount that was actually paid" and offered no specifics regarding the insurer's allegedly improper investigation "other than her disapproval of the amount she received." 2014 WL 12729172 at *1. The court held that "[t]hese allegations fail[ed] to meet the *Twombly* standard." Id.

In the instant case, Plaintiff offers less factual detail than the plaintiffs in *A.B. ex rel. Blaik* and *Daily*. See Pet. ¶¶ 21-25. She points to no specific policy provisions at issue, does not allege

6

what amount should have been paid under the policy, does not provide any dates such as when her claim was submitted or denied, does not state the reasons the claim was denied, and says nothing about how her claim was handled or what should have been done differently. Accordingly, the bad-faith claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss (Doc. 12).

**IT IS SO ORDERED this 25th day of January, 2021.**

*[Signature]*

TERENCE C. KERN
United States District Judge